**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**RICHARD SMITH**,

                **Petitioner,**

   v.

**ROBERT CHETIRKIN**, et al.

                **Respondents.**

**Civil Action No. 24-08757 (SRC)**

**OPINION**

**CHESLER, District Judge**

Petitioner Richard Smith, a prisoner confined at East Jersey State Prison in Rahway, New Jersey, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 23, 2024. (ECF No. 1.) The matter is before the Court upon Respondents' motion to dismiss the habeas corpus petition as untimely (ECF No. 5); and Petitioner's motion for stay and abeyance. (ECF No. 6.) For the reasons set forth below, Respondents' motion to dismiss will be granted, and the habeas petition will be dismissed with prejudice as untimely as to Grounds One through Nine. The motion to dismiss will be denied without prejudice as to Ground Ten, and the Court will retain jurisdiction for a period of thirty days to afford Petitioner an opportunity to present any arguments in support of a later start date under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations. In addition, the Court will deny without prejudice Petitioner's motion to stay, but will retain jurisdiction for thirty days to allow Petitioner one more opportunity to demonstrate that a stay is warranted under *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

I.     **BACKGROUND**

On March 3, 2011, following a five-day trial in the Superior Court of New Jersey, Law Division, Essex County, a jury convicted Petitioner of first-degree murder, third-degree possession of a weapon for an unlawful purpose, and fourth-degree unlawful possession of a weapon. (ECF No. 5-1, at 43.) The trial court sentenced Petitioner on August 31, 2011, to an aggregate term of thirty years in prison with thirty years of parole ineligibility. (*Id.* at 43–45.) Petitioner filed a direct appeal of his sentence to the New Jersey Superior Court, Appellate Division ("Appellate Division"), on October 11, 2011. (*Id.* at 47–48.) The Appellate Division affirmed Petitioner's conviction and sentence on November 20, 2012. *Smith*, 2012 WL 5845561, at *1. Petitioner sought certification from the Supreme Court of New Jersey, and that court summarily denied certification on June 28, 2013. *State v. Smith*, 67 A.3d 1192 (N.J. 2013) (unpublished table decision).

Petitioner filed a *pro se* petition for post-conviction relief ("PCR") in the Law Division on August 2, 2013, raising allegations of ineffective assistance of counsel. (ECF No. 5-4, at 56–62.) PCR counsel filed an amended petition dated December 11, 2013. (*Id.* at 63–101.) The PCR court denied relief without an evidentiary hearing on March 14, 2014, (*Id.* at 110–120), which was appealed by Petitioner on June 5, 2014. (*Id.* at 121–122.) Petitioner, through counsel, filed a second PCR on March 11, 2015. (ECF No. 5-6, at 114–119.) The trial court dismissed without prejudice the second PCR, as the appeal of Petitioner's first PCR petition was still pending. (ECF No. 5-6, at 76–77.) The Appellate Division found Petitioner's arguments to be without merit and affirmed the PCR court's decision on September 30, 2015. *State v. Smith*, No. A-4596-13, 2015 WL 5836322, at *1 (N.J. Super. Ct. App. Div. Sept. 30, 2015). Petitioner did not file a petition for certification to the Supreme Court of New Jersey.

On November 12, 2020, Petitioner filed a motion for a new trial based on newly discovered evidence. (ECF No. 5-6, at 17.) The trial court denied Petitioner's motion on July 30, 2024, (ECF No. 5-7, at 1–4), which was appealed by Petitioner on August 23, 2024. (ECF No. 5-8, at 1–3.) That same date, Petitioner filed the instant habeas petition. (*See* Docket Sheet.) Petitioner asserts claims concerning his direct appeal and PCR proceedings in Grounds One through Nine of the habeas petition. (*See* ECF No. 1, at 7–14.) Ground Ten is based on Petitioner's motion for a new trial. (*Id.* at 14.)

On March 21, 2025, Respondents filed a motion to dismiss, arguing that the petition is untimely under the AEDPA. (ECF No. 5.) Petitioner did not file an opposition to Respondents' motion to dismiss but instead filed a motion for stay and abeyance on March 28, 2025, (ECF No. 6), which Respondents opposed. (ECF No. 7.)

## II.     LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), which amended 28 U.S.C. § 2254, a district court "shall entertain an application for writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is subject to a one-year limitations period, which shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"However, the AEDPA's one-year period of limitation is not an absolute limit." *Schlueter v. Varner*, 384 F.3d 69, 75 (3d Cir. 2004) (citing *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004)). It is subject to the following two possible tolling exceptions: (1) statutory tolling under 28 U.S.C. § 2244(d)(2) while a properly filed application for post-conviction review is pending in the state courts; and (2) equitable tolling. *Id.* (citing *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003)).

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the ninety-day period for filing a petition of writ of certiorari in the United States Supreme Court. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012). Only a properly filed application for State post-conviction review or other collateral review tolls the habeas statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). A properly filed application is one that was accepted for filing and was filed within the time limits prescribed. *Id.*

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). "In determining whether a petition is

4

'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" *Douglas*, 359 F.3d at 262 (quoting *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)). A PCR petition is "pending" pursuant to section 2244(d)(2) "as long as the ordinary state collateral review process is 'in continuance'—*i.e.*, 'until the completion of' that process." *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 268 (3d Cir. 2022) (quoting *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002)). "A PCR petition 'by definition' remains 'pending' 'until the application has achieved final resolution through the State's post-conviction procedures.'" *Id.* (quoting *Carey*, 536 U.S. at 220).

### III.  DISCUSSION

#### A.  Statute of Limitations

Respondents contend that the habeas petition is untimely in its entirety under the AEDPA. (ECF No. 5, at 1, 5.) Petitioner, by contrast, asserts that the petition was timely filed. (ECF No. 1, at 17.) However, the Court must assess timeliness on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004) (holding that timeliness must be determined on a claim-by-claim basis, rather than for the petition as a whole).

Pursuant to 28 U.S.C. § 2244(d), the timeliness of a section 2254 habeas petition is evaluated by first determining when the pertinent judgment became "final." *See* 28 U.S.C. § 2244(d)(1)(A). Second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." *See* 28 U.S.C. § 2244(d)(2). The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez*, 565 U.S. at 137.

Applying this standard, the Court will now analyze the timeliness of Petitioner's claims.

5

### 1. Grounds One through Nine

In Grounds One through Nine, Petitioner asserts claims for relief arising from his direct appeal or PCR proceedings.[1] (ECF No. 1, at 7–14.) As previously stated, a "one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) identifies four possible dates from which the one-year AEDPA statute of limitations may begin to run. *See* 28 U.S.C. § 2244(d)(1). Section 2244(d)(1)(A) applies to Grounds One through Nine and provides that the limitations period begins on the date Petitioner's criminal judgment becomes "final." *See* 28 U.S.C. § 2244(d)(1)(A).

Computation of the one-year habeas limitations period begins with Petitioner's direct appeal, which Petitioner filed on October 11, 2011. (ECF No. 5-1, at 47–48.) On November 20, 2012, the Appellate Division affirmed Petitioner's conviction. *Smith*, 2012 WL 5845561, at *1. The New Jersey Supreme Court denied certification on June 28, 2013. *Smith,* 67 A.3d at 1192. The ninety-day period in which Petitioner could have sought certiorari from the United States Supreme Court, but did not, expired on September 26, 2013. *See* 28 U.S.C. § 2244(d)(1)(A).

---

[1] In Ground One, Petitioner argues that his right against self-incrimination was violated. (ECF No. 1, at 7.) In Ground Two, Petitioner argues a violation of his right to confrontation. (*Id.* at 9.) In Ground Three, Petitioner argues that the identification procedure violated *Wade* and its progeny. (*Id.* at 10.) In Ground Four, Petitioner alleges the trial court failed to instruct the jury regarding a lessor included offense. (*Id.* at 12.) In Ground Five, Petitioner argues that trial counsel was ineffective for failing to call a witness with exculpatory evidence/testimony. (*Id.* at 14.) In Ground Six, Petitioner generally alleges that he was denied the effective assistance of trial counsel. (*Id.*) In Ground Seven, Petitioner contends that trial counsel's cumulative errors denied him a fair trial. (*Id.*) In Ground Eight, Petitioner generally alleges the ineffectiveness of appellate counsel. (*Id.*) In Ground Nine, Petitioner argues that trial counsel failed to thoroughly discuss with him all relevant ramifications associated with the decision to testify, and as a result of Petitioner did not testify in his own defense, despite his desire to do so. (*Id.*)

Petitioner filed his habeas petition on August 23, 2024. (*See* ECF No. 1.) The Court will consider whether statutory or equitable tolling renders the habeas petition timely, in light of the procedural history surrounding Petitioner's direct appeal and PCR proceedings.

### a. Statutory tolling

In New Jersey, a petitioner has forty-five days to file a notice of appeal of a PCR court decision. N.J. Ct. R. 2:4-1(a). A petitioner must seek certification with the New Jersey Supreme Court for review of an Appellate Division final judgment within twenty days after its entry. N.J. Ct. R. 2:12-3(a). "[O]nly a timely appeal tolls the AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court . . ." *Evans v. Chavis*, 546 U.S. 189, 197 (2006) (citing *Carey v. Saffold*, 356 U.S. 214 (2002)).

Petitioner timely filed a PCR petition on August 2, 2013, (ECF No. 5-4, at 56–62), which tolled the one-year habeas limitations period pursuant to section 2244(d)(2). The PCR court denied relief on March 14, 2014. (ECF No. 5-4, at 110–20.) Pursuant to N.J. Ct. R. 2:4-1(a), Petitioner had forty-five days, until April 28, 2014, to timely appeal the denial of his PCR petition. *Id.* Petitioner did not file his appeal until June 5, 2014. (ECF No. 5-4, at 121–22.) Due to the untimeliness of Petitioner's PCR appeal, his PCR proceedings were no longer pending for purposes of statutory tolling. *Martin*, 23 F.4th at 269 (holding that the term "pending" includes the time between a court's ruling and the timely filing of an appeal); *see also Evans*, 546 U.S. at 192 ("If the filing of the appeal is timely, the period between the adverse lower court decision and the filing . . . is not counted against the 1-year AEDPA time limit.").

Therefore, the AEDPA limitations period ran for fifty-two days, from April 28, 2014, until it was tolled on June 19, 2014, when the Appellate Division accepted Petitioner's untimely notice of appeal as within time. (ECF No. 5-4, at 123.) On September 30, 2015, the Appellate Division

affirmed the PCR court's denial of PCR relief. *Smith*, 2015 WL 5836322, at *1. Petitioner did not file a petition for certification to the Supreme Court of New Jersey.

Because Petitioner did not seek certification with the New Jersey Supreme Court, his conviction became final within the meaning of AEDPA twenty days later, on October 20, 2015. *See Gonzalez*, 565 U.S. at 137. Thus, the AEDPA clock resumed on October 21, 2015,[2] and Petitioner had one year minus the fifty-two days that were previously counted against the AEDPA limitations period within which to timely file his habeas petition. *See* 28 U.S.C. § 2244. In order for his petition to be timely, Petitioner had to file by August 30, 2016. The Court must dismiss these claims as untimely unless there is a basis for equitable tolling.

### b. Equitable Tolling

The doctrine of equitable tolling permits an untimely habeas petition to be filed in "extraordinary situations." *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)). The Third Circuit has noted that equitable tolling is a remedy which should be invoked "only sparingly." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also United States v. Bass*, 268 F. Appx 196, 199 (3d Cir. 2008). A petitioner bears the burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). Mere excusable neglect is insufficient. *Thomas*, 713 F.3d at 174.

Respondents argue that there is no basis to apply equitable tolling because Petitioner sat on his rights and waited too long to seek federal review of his state convictions. (ECF No. 5, at 6.)

---

[2] For AEDPA purposes, the statute of limitations began to run on October 21, 2015, which was the day after the triggering event. *See* Fed R. Civ. P 6(a)(1).

8

Petitioner fails to make any equitable tolling arguments. Therefore, habeas relief on the untimely grounds will be denied.

### 2. Ground Ten

In Ground Ten, Petitioner argues that habeas relief is warranted based on newly discovered evidence presented after trial. (ECF No. 1, at 14.)

Pursuant to section 2244(d)(1)(D), the AEDPA's one-year statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* The Third Circuit held that to satisfy section 2244(d)(1)(D)'s "due diligence" standard, a prisoner must exercise "reasonable diligence in the circumstances." *Wilson v. Beard*, 426 F.3d 653, 660 (3d Cir. 2005) (citing *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir.2004)). "The ultimate question whether a petitioner exercised due diligence is one of fact." *Id.* The "'factual predicate' of a petitioner's claims constitutes the 'vital facts' underlying those claims." *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007).

Petitioner filed a motion for a new trial on November 12, 2020. (ECF No. 5-6, at 17.) In support of the motion, he submitted three certifications, transcripts of taped statements, and medical records, asserting that a key witness had been under the influence of medication and was coerced into implicating Petitioner. (ECF No. 5-6, at 1–23.) The trial court denied the motion on July 30, 2024. (ECF No. 5-7, at 1–4.) Petitioner appealed that decision on August 23, 2024—the same date he filed the instant habeas petition. (ECF No. 5-8, at 1–3; *see* Docket Sheet.) According to Petitioner, the appeal remains pending before the Appellate Division. (ECF No. 6, at 1.)

Based on the record, it appears that Petitioner's claim based on "newly discovered" evidence is time barred. However, the Court will deny Respondents' motion to dismiss as to Ground Ten without prejudice and will afford Petitioner thirty days to submit any arguments

9

supporting a later start date under the AEDPA statute of limitations. If Petitioner files such arguments, the Court will reopen the matter for further consideration. If no submission is received within thirty days, the Court may dismiss Ground Ten with prejudice. Respondents may file a reply, along with any relevant records, within thirty days of Petitioner's submission.

### B. Motion for Stay and Abeyance

Petitioner filed a motion for stay and abeyance pursuant to *Rhines* on the ground that he is seeking to exhaust his "newly discovered" evidence claim, which is currently pending on appeal in state court. (ECF No. 6, at 3.) Respondents opposed the motion, arguing that the statute of limitations had already expired by more than four years when Petitioner filed his state court application. (ECF No. 7, at 4.)

Habeas petitioners are generally required to exhaust their claims in state court before seeking relief from the federal courts. *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. 2254(b)(1)(A); *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990)). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State").

In *Rhines*, the Supreme Court held that district courts have the discretion to stay mixed habeas petitions, those containing exhausted and unexhausted claims, while the petitioner returns to state court to exhaust his unexhausted claims. 544 U.S. 269, 279 (2005). The Court reasoned that if a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Rose v. Lundy*, 455 U.S. 509 (1982), after the limitations period has expired,

this will likely mean the termination of any federal review. *Id.* at 275. Stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," if the unexhausted claims are not plainly without merit, and petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277–78.

By seeking a stay Petitioner is admitting that his claim is unexhausted and therefore subject to dismissal on that basis. *See* 28 U.S.C. 2254(b)(1). Although the Court has discretion to stay the application and hold it in abeyance while Petitioner exhausts his claims, Petitioner has failed to meet his burden that he is asserting a meritorious claim. *See Rhines*, 544 U.S. at 277. Ground Ten is based on state evidence law and fails to allege a federal claim. *See Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("[S]tate law violations provide no basis for federal habeas relief."); *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3d Cir. 1997) (Claimed "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."). If a question exists as to whether a habeas petitioner has stated a colorable federal claim, a district court may not consider the merits of a claim if petitioner has failed to exhaust state remedies and none of the exceptions applies. *Lambert v. Blackwell*, 134 F.3d 506, 514 (3d Cir. 1997).

To the extent that Petitioner argues for a stay of Grounds One through Nine, the Court concludes that he is not entitled to relief because his petition was filed almost eight years after the expiration of the AEDPA deadline. (*See* ECF No. 6, at 7.) The habeas petition must be timely at filing in order to be eligible for a *Rhines* stay. *See*, *e.g.*, *Pace*, 544 U.S. at 416. Here, because Grounds One through Nine of the habeas petition were untimely filed, there is nothing to stay and hold in abeyance. *See Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004) (stay and abeyance of mixed habeas petition is only appropriate when a mixed petition is timely filed).

Having determined that Petitioner has failed to meet his burden under *Rhines*, the Court will provide Petitioner with one more opportunity to argue that Ground Ten should be stayed. Respondents' answer must be filed thirty days from when the stay issue is decided. If Petitioner fails to file a motion seeking a stay, his claim still pending in state court may be dismissed for lack of exhaustion.

## IV.     CERTIFICATE OF APPEALABILITY

When a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner makes the following showing. "[T]hat jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the Court's procedural ruling on Grounds One through Nine debatable. Accordingly, no certificate of appealability shall issue on Grounds One through Nine.

## V.     CONCLUSION

For the reasons stated above, Respondents' motion to dismiss will be granted, as the petition is untimely as to Grounds One through Nine. The motion to dismiss will be denied without prejudice as to Ground Ten, but the Court shall retain jurisdiction for a thirty-day period to afford Petitioner an opportunity to submit a detailed, written argument in support of a later start date of the AEDPA statute of limitations. Respondents shall have thirty days thereafter to file a reply and shall provide any relevant records. Furthermore, the Court will deny without prejudice Petitioner's motion to stay, but the Court will retain jurisdiction for a thirty-day period to give Petitioner an

opportunity to meet the *Rhines* standard. Respondents' answer must be filed thirty days from when the stay issue is decided.

The Court finds that an evidentiary hearing is not warranted as the record conclusively shows Petitioner is not entitled to relief as to Grounds One through Nine. *United States v. Booth,* 432 F.3d 542, 546 (3d Cir. 2005). A certificate of appealability will not issue as to Grounds One through Nine. An appropriate Order follows.

Date: July 29, 2025

                                               _____s/ Stanley R. Chesler_____
                                               **HON. STANLEY R. CHESLER**
                                               **UNITED STATES DISTRICT JUDGE**