**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RICHARD SMITH,** | **Civil Action No. 24-8757 (SRC)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| **ROBERT CHETIRKIN, et al.,** | |
| **Respondents.** | |

This matter comes before the Court on Petitioner's habeas petition (ECF No. 1) and renewed motion seeking a stay of Petitioner's sole remaining claim. (ECF No. 12.) By way of background, Petitioner filed his habeas petition in August 2024. (ECF No. 1.) Following an order to answer, the State filed a motion to dismiss the petition as untimely (ECF No. 5), which Petitioner opposed by filing a motion seeking a stay. (ECF No. 6.) On July 29, 2025, this Court entered an order and opinion which dismissed all but one of Petitioner's claims as clearly time barred by several years. (ECF Nos. 8-9.) In that order, however, this Court granted Petitioner one final opportunity to explain why his final claim should not be dismissed as time barred and to explain why he should receive a stay. (*Id.*) Petitioner has now done so (ECF No. 12), and the State has opposed his filings. (ECF No. 13.) For the following reasons, Petitioner's motion seeking a stay (ECF No. 12) is denied, Petitioner's final claim is dismissed with prejudice as time barred, and Petitioner is denied a certificate of appealability.

Petitions for a writ of habeas corpus are subject to a one-year statute of limitations. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most cases, that limitations period runs from the date on which the petitioner's conviction became final following the conclusion of direct appellate review, including

1

the ninety-day period in which Petitioner could have but did not file a petition for certiorari with the Supreme Court.    *Ross* 712 F.3d at 798; *Jenkins*, 705 F.3d at 84; *see also* 28 U.S.C. § 2244(d)(1)(A).

In this matter, Petitioner was convicted of charges including murder and sentenced in August 2011.  (ECF No. 5-6 at 74.)  Petitioner appealed, and the Appellate Division affirmed his conviction on November 20, 2012.  (*Id.* at 77.)  The New Jersey Supreme Court thereafter denied Petitioner's petition for certification on June 28, 2013.  *State v. Smith*, 67 A.3d 1192 (N.J. 2013). As Petitioner did not seek certiorari, his conviction became final ninety days later, on or about September 26, 2013.

Habeas petitions, however, are subject to statutory tolling during the time while a while a properly filed PCR petition or collateral attack remains "pending" before the state courts.  *Jenkins*, 705 F.3d at 85.  A state court PCR petition will be considered "properly filed" only where it is filed in accordance with all of the state courts' "time limits, no matter their form."  *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).  While a PCR will be considered to remain pending following an adverse final decision by a trial level PCR court, that petition will cease to remain pending once the time for filing a timely appeal expires and the PCR appeal will not be considered to have resumed its "pending" status after this time expires until the petitioner actually files a notice of appeal.  *See Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Swartz v. Meyers*, 204 F.3d 417, 420-24, 423 n. 6 (3d Cir. 2000); *Thompson v. Admin N.J. State Prison*, 701 F. App'x 118, 121-23 (3d Cir. 2017).  Under the New Jersey court rules, a direct appeal from the denial of a PCR petition must be filed within forty-five days of the denial of the petition.  N.J. Ct. R. 2:4-1. A petition for certification before the New Jersey Supreme Court must in turn be filed within twenty days of an adverse decision by the Appellate Division.  *See* N.J. Ct. R. 2:12-3.

Plaintiff filed his PCR petition in August 2013. (ECF No. 5-6 at 95.) That petition was denied on March 14, 2014. (ECF No. 5-6 at 110.) Petitioner's case remained tolled until 45 days later on April 28, 2014, when Petitioner failed to timely appeal. Petitioner's case did not resume pending status until the date on which he filed his notice of appeal on June 4, 2014. (ECF No. 5-6 at 111-14.) His petition remained pending thereafter until the Appellate Division affirmed the denial of Petitioner's PCR on September 30, 2015, and Petitioner failed to file a petition for certification within the twenty-day timeline. (*See* ECF No. 5-6 at 123.) Petitioner's one year limitations period, absent a basis for a later start date, began to run, at the latest, on October 20, 2015, and expired, at the latest, on October 20, 2016.[1] Thus, absent a basis for equitable tolling or a later start date, Petitioner's habeas petition is, as this Court previously explained, well and truly time barred. This Court thus dismissed all but one of Petitioner's claims – his claim of newly discovered evidence – as time barred. (ECF Nos. 8-9.)

Petitioner now argues, however, that he should receive the benefit of a later starting date for his final remaining claim, asserting that he could not have presented that claim sooner than the November 2020 motion for a new trial that he filed in state court. Pursuant to 28 U.S.C. § 2244(d)(1)(D), a habeas petitioner's one year limitations period will run from the "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence" where this date is after the conclusion of direct review. The record here, however, indicates that Petitioner and his family knew of and thus could have discovered through due diligence, the factual predicate of Petitioner's claims as early as the "spring of 2015" when

---

[1] As this Court explained in its prior opinion, Petitioner lost several weeks between his failure to timely appeal and his tardy appeal, but because that short period makes no practical difference for the Court's current purposes, the Court does not discuss that additional untolled time for the purposes of the simplicity of this decision.

Petitioner's family were provided the medical records of the witness Petitioner now claims was "drugged and coerced" into testifying against him (*see* ECF No. 5-6 at 2-3), and certainly could have discovered the factual predicate by the time Petitioner's niece, on his behalf, spoke with and recorded that witness's story in April 2018.  (*See id.* at 9-10.)  Thus, even giving Petitioner the benefit of every available doubt and assuming he could not have discovered the issues sooner through an exercise of due diligence, Petitioner's claim accrued at the latest at the end of April 2018, and his one year limitations period would have expired absent a basis for tolling by April of 2019, more than a full year before he ultimately filed his motion seeking a new trial, and many years further still before he filed this habeas matter.  Thus, even with the benefit of a later date of accrual, Petitioner's final claim remains well and truly time barred absent a basis for equitable tolling.

Equitable tolling "is a remedy which should be invoked 'only sparingly.'"  *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).  To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence."  *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).  In his current filings, Petitioner does not set out any viable basis for equitable tolling.  He does not explain why he did not file his motion for a new trial sooner, or why he allowed years to elapse between acquiring the medical records and having the witness in question interviewed, nor does he explain how any "extraordinary circumstance" of merit stood in his way of filing sooner.  Likewise, he fails to actually establish reasonable diligence in light of the multiple delays between his learning of information and eventually filing his motion for a new trial, and later this habeas matter.  Petitioner

has thus utterly failed to show an entitlement to tolling, and his claim final claim is therefore clearly time barred and must be dismissed with prejudice as such.

Finally, Plaintiff seeks to avoid the dismissal of his claims by arguing that he is actually innocent of the crimes of which he was convicted. Although a habeas petitioner's actual innocence can serve as a gateway to habeas one year statute of limitations, it is not enough that a habeas petitioner merely *assert* his innocence, he must actually show "that it is more likely than not that no reasonable juror would have convicted him." *See McQuiggan v. Perkins*, 569 U.S. 383, 391-99 (2013). Such a showing requires a presentation of new, credible evidence of his factual innocence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401. At most, the "new evidence" Petitioner presents would have undermined the credibility of one of the eye witnesses who testified against Petitioner at trial to some extent. As the state trial court explained in denying Petitioner's motion for a new trial, this testimony was hardly the "lynchpin" in Petitioner's conviction – there was an entirely separate eye witness who testified to Petitioner's involvement whose testimony would be utterly unaffected by the new evidence Petitioner relies upon (*See* ECF No. 5-7 at 1-4), and Petitioner's protestations of his innocence thus fall far short of establishing that it is more likely than not that no reasonable juror would have convicted Petitioner. Petitioner has thus not shown that he is actually innocent, and his final claim remains well and truly time barred. Petitioner's habeas petition is therefore dismissed with prejudice as time barred in its entirety, and Petitioner's motion seeking a stay is denied as moot in light of the dismissal of his final claim.

Finally, the Court notes that, pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state

court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's finding that Petitioner's claims are clearly time barred for the reasons discussed above, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and his petition does not warrant encouragement to proceed further. Petitioner is therefore denied a certificate of appealability.

In conclusion, Petitioner's motion seeking a stay is **DENIED**, Petitioner's habeas petition is **DISMISSED WITH PREJUDICE** as time barred in its entirety, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

                                            s/ Stanley R. Chesler
                                         Hon. Stanley R. Chesler,
                                         United States District Judge